The Honorable Eugene L. Shore State Representative, 124th District Route 2 Johnson, Kansas 67855-9804
Dear Representative Shore:
You request our opinion regarding K.S.A. 1995 Supp.79-201j and its application to certain farm machinery and equipment. You explain that the Board of Tax Appeals has taken the position that farm machinery and equipment, such as center pivot irrigation systems, is not entitled to exemption under K.S.A. 1995 Supp. 79-201j(a) if it is financed through a lease-purchase agreement. The board, in at least one of its decisions, cites to Kansas Supreme Court cases that have concluded that if property is leased and the lessor collects rent, a dual use exists for that property and, even if it is used by the lessee for an exempt purpose, it is not entitled to exemption when there is an exclusive use requirement. You explain that the issue of exemption is a significant one for farmers needing to finance purchase of center pivot irrigation systems because of the cost of the systems and their rate of depreciation. You pose two questions:
 "1 — The Kansas Constitution specifically exempts `farm machinery and equipment' from property tax in the classification amendment. There is no use test applied, farm machinery and equipment is exempt. As I understand it, statutory law can not restrict the constitution. Does K.S.A. 79-201j restrict the constitution by applying a use test?
 "2 — If the statutory use test is constitutional does the means of financing the farm machinery and equipment change the exemption status? In other words does lease-purchase vs. a conventional loan make a sprinkler system non exempt?"
To our knowledge, the Board of Tax Appeals has not addressed the first of these issues. Neither are there any reported decisions of the Kansas appellate courts directly on point.
K.S.A. 1995 Supp. 79-201j provides in part:
 "The following described property, to the extent specified by this section, shall be exempt from all property or ad valorem taxes levied under the laws of the state of Kansas:
 "(a) All farm machinery and equipment. The term `farm machinery and equipment' means that personal property actually and regularly used exclusively in any farming or ranching operation. . . .
 "The provisions of this subsection shall apply to all taxable years commencing after December 31, 1984."
By contrast, article 11, section 1(b) (1995 Supp.) of the Kansas Constitution provides as follows:
 "All property used exclusively for state, county, municipal, literary, educational, scientific, religious, benevolent and charitable purposes, farm machinery and equipment, merchant's and manufacturer's inventories and livestock and all household goods and personal effects not used for the production of income, shall be exempted from property taxation."
While the Constitution establishes an exclusive use requirement for property used for government, literary, educational, scientific, religious, benevolent and charitable purposes, it contains no such requirement for farm machinery and equipment. Clearly K.S.A. 1995 Supp.79-201j(a) does contain a requirement for exclusive use of this property. Farmers Co-op v. Kansas Board of TaxAppeals, 236 Kan. 632, 636-638 (1985). The question you pose is whether the statutory requirement for exclusive use limits the constitutional exemption for farm machinery and equipment and, if so, is such a limitation constitutional.
Arguably, K.S.A. 79-201j(a) was not intended as a restriction, but rather to define the term "farm machinery and equipment" in the absence of a constitutional definition. However, the chain of events regarding the enactment of the statute and the constitutional amendment suggest otherwise. The K.S.A.79-201j farm machinery and equipment exemption was first enacted in 1982 with the purpose to "promote, stimulate and develop the general welfare, economic development and prosperity of the state of Kansas by fostering the growth and development of agricultural endeavors within the state. . . ." K.S.A. 79-201i. At the time of its enactment, there was no constitutional exemption for farm machinery and equipment. The Article 11, Section 1(b) farm machinery and equipment exemption was crafted in 1985 and adopted by the electorate on November 4, 1986. L. 1985, ch. 364, § 1. Because the statute predates the constitutional exemption, its original intent could not have been to implement the constitutional exemption or define the term farm machinery and equipment as used in the Constitution. Further, there is no evidence of a subsequent legislative intent for K.S.A. 79-201j to implement or define the constitutional exemption. While K.S.A. 79-201j
has been amended twice, once in 1985 and once in 1992, neither amendment mentioned the constitutional exemption or stated that the statute was intended at that time to define the constitutional provision. The 1985 amendment was for the sole purpose of including the performance of farm or ranch work for hire in the statutory definition of "farming or ranching operation," and the Legislature changed the effective date of the provision from 1982 to 1984. The 1992 amendment did not affect the farm machinery and equipment provision. Not only is there a lack of evidence of intent for the statute to be purely definitional, the constitutional provision was actually seen by the Legislature as an expansion of the then existing exemption for farm machinery and equipment. The constitutional exemption for farm machinery and equipment was added in the Senate committee during consideration of 1985 House Concurrent Resolution No. 5018. Just prior to adopting the amendment, a question was raised as to its relation to K.S.A. 79-201j. "Senator Parrish questioned whether the amendment would broaden the current farm machinery exemption. Staff said that this would probably be the case." Minutes, Senate Committee on Assessment and Taxation, April 11, 1985. Thus, even if one could argue that the common understanding of the term "farm machinery and equipment" in 1985 was as it was then defined in the statute, legislative intent appeared to grant a broader exemption for farm machinery and equipment by excluding from the constitutional provision an exclusive use requirement. Based on these factors, it is our opinion that K.S.A. 1995 Supp. 79-201j(a) was not intended to define the constitutional exemption. In fact, we believe the statute was intended to, and does, do much more. K.S.A. 1995 Supp. 79-201j actually establishes an exemption (one that was not provided for in the Constitution at the time the statute was enacted) and limits the scope of that exemption by providing for exclusive use of the property. (See e.g. Farmers Co-op,236 Kan. 632.) We must therefore determine whether such a limitation is permissible.
In Colorado Interstate Gas Co. v. Board of MortonCounty Comm'rs, 247 Kan. 654 (1990), the Kansas Supreme Court found that subsection (b) of Article 11, Section 1
of the Kansas Constitution is self-executing. "The exemptions are granted by the amendment itself as opposed to empowering the legislature to enact legislation in the subject area." 247 Kan. at 659. The Court then quoted the following excerpt from 16 Am.Jur.2d, Constitutional Law § 139 et seq.:
 "The rule is that a self-executing provision of the constitution does not necessarily exhaust legislative power on the subject, but any legislation must be in harmony with the constitution and further the exercise of constitutional right to make it more available. Thus, even in the case of a constitutional provision which is self-executing, the legislature may enact legislation to facilitate the exercise of the powers directly granted by the constitution; legislation may be enacted to facilitate the operation of such a provision, prescribe a practice to be used for its enforcement, provide a convenient remedy for the protection of the rights secured or the determination thereof, or place reasonable safeguards around the exercise of the right. And, even though a provision states that it is self-executing, some legislative action may be necessary to effectuate its purposes. . . .
 "It is clear that legislation which would defeat or even restrict a self-executing mandate of the constitution is beyond the power of the legislature. . . ." 247 Kan. at 659. See also State, ex rel., Miller v. Board of Education, 212 Kan. 482, 488-489
(1973) (the legislature cannot thwart a self-executing provision of the constitution)
The rule is that while the Legislature may act in harmony with a self-executing provision, the power of the Legislature is limited to procedural aspects or expanding on any right granted. K.S.A. 79-201j(a) is not procedural in nature. The exclusive use requirement of K.S.A. 1995 Supp. 79-201j(a) does not facilitate operation of the constitutional exemption, nor does it provide a procedure or a remedy for enforcement. In fact, K.S.A. 1995 Supp. 79-201j(a) cannot be said to implement the constitutional exemption in any way because it predates the constitutional amendment and the statute's substantive provisions dealing with farm machinery and equipment have not since been amended in a way that would indicate an attempt to implement the Constitution. We have already determined that K.S.A. 1995 Supp. 79-201j(a) is more limited in its application than the constitutional exemption. To conclude that the statutory exemption that predated this constitutional amendment effectively limits its application would not only be contrary to legislative intent, but would also lead to an unconstitutional result in the sense that it would operate to limit a self-executing provision of the Constitution. See Tri-County Public Airport Auth. v.Board of Morris County Comm'rs, 245 Kan. 301, 305 (1989) (property expressly exempt from taxation by the Constitution cannot be taxed); State, ex rel., Fatzerv. Board of Regents, 167 Kan. 587, 595 (1949) (property expressly exempt from taxation by the Constitution cannot be taxed, but statutory exemption may be broader than the constitutional one). Thus, in our opinion, K.S.A. 1995 Supp. 79-201j(a) cannot be applied to limit the exemption for farm machinery and equipment granted in the Constitution by requiring that the property be used exclusively for farming or ranching operations.
Because our answer to your initial question is that a taxpayer may seek an exemption from property taxation for farm machinery and equipment under the broader provisions of the Constitution notwithstanding the exclusive use requirement of K.S.A. 1995 Supp. 79-201j(a), we need not address your second inquiry.
In conclusion, unlike K.S.A. 1995 Supp. 79-201j, the constitutional exemption from property taxation for farm machinery and equipment does not require that the property be used exclusively for farming. In that the constitutional exemption postdates the statutory exemption, is broader than the statutory exemption, and the legislature is precluded from limiting self-executing constitutional exemptions such as this, a tax exemption for farm machinery and equipment may be granted even if the property is subject to more than one use.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm